# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| VINCENT BOCCHICCTIO,<br><br>        Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>        Defendant. | Case No. 2:15-cv-00528-JCM-GWF<br><br>**ORDER** |

This matter is before the Court on Plaintiff's Application for Leave to Proceed In Forma Pauperis (#1), filed on March 23, 2015.

## BACKGROUND

The Plaintiff requests that the Court appoint an attorney to investigate a vindictive prosecution being conducted against him, and claims this investigation has had serious effects on his everyday life.

## DISCUSSION

### I. Application to Proceed In Forma Pauperis

Plaintiff filed this instant action and attached a financial affidavit to his application and complaint as required by 28 U.S.C. § 1915(a). Reviewing the Plaintiff's financial affidavit pursuant to 28 U.S.C. § 1915, the Court finds that Plaintiff is unable to pre-pay the filing fee. As a result, Plaintiff's request to proceed in forma pauperis in federal court is granted.

### II. Screening the Complaint

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to 28 U.S.C. § 1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which

relief may be granted, or seeks monetary relief from a Defendant/Third Party Plaintiff who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989). Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

The Court shall liberally construe a complaint by a pro se litigant. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 2007). This is especially important for civil rights complaints. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). However, a liberal construction may not be used to supply an essential element of the claim absent from the complaint. *Bruns v. Nat'l Credit Union Admin.*, 12 F.3d 1251, 1257 (9th Cir. 1997), *quoting Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. See *Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations

contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 129 S.Ct. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id*. at 1949. Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly*, 550 U.S. at 570.

### III. Instant Complaint

Plaintiff's complaint states claims for vindictive prosecution, civil rights violations relating to housing, employment, and the Americans with Disabilities Act, a violation of the False Claims Act, and racketeering. The Complaint reads like a letter to the Court, asking the Judge to appoint an attorney to investigate the Plaintiff's claims. He wishes to stop an unauthorized investigation that is placing him in great physical harm. It is preventing his employment and his ability to travel. His Complaint does not offer any details about who is conducting an investigation, why it is illegal, or what is being investigated.

The Court interprets the Plaintiff's claim of vindictive prosecution as a claim for malicious prosecution, which requires that the Plaintiff prove that the Defendants (1) initiated a criminal proceeding without probable cause; (2) acted with malice; (3) that the proceeding terminated in the Plaintiff's favor; and (4) that the Plaintiff suffered damages. *Aziz v. Eldorado Resorts, LLC*, 2014 WL 7240245 at *7 (D. Nev. 2014) *citing Lester v. Buchanen*, 112 Nev. 1426, 1429 (1996). The Plaintiff has not pled any facts regarding a particular criminal case brought against him or that, if the proceeding did exist, it ended in his favor. Therefore, the Plaintiff has not properly pled a claim for malicious prosecution.

Conversely, the Plaintiff could intend to bring a claim for abuse of process. Abuse of process requires the Plaintiff to show that the Defendants had "an ulterior purpose" other than resolving a legal dispute and committed "a willful act in the use of the legal process not proper in the regular conduct of the proceeding." *Kern v. Moulton*, 2013 WL 4710338 (D. Nev. 2013). The willful act requires more than "merely the malicious filing of unmeritorious complaints," but also the issuance of summons, subpoenas, attachments, or similar processes affecting the Plaintiff's legal rights. *Id*. The Plaintiff has not indicated any particular abuse of process against him. The

Plaintiff has not provided proper factual or legal support for the elements of these claims, and his pleading is insufficient under the standard required by *Iqbal* and *Twombley*.

The Plaintiff's claim of civil rights violations relating to housing are ambiguous. He references in his complaint that he formerly lived in a Veteran's home, but is now homeless due to the investigations by the Defendants. The Court interprets the Plaintiff's claim as being a claim for a violation of the Fair Housing Act. Discrimination in housing is prohibited under 42 U.S.C. § 3604, and may be pled as a disparate treatment claim or a disparate impact claim. To establish a prima facie case for disparate treatment under the Fair Housing Act, the Plaintiff must show that "(1) plaintiff's rights are protected under the FHA; and (2) as a result of the defendant's discriminatory conduct, plaintiff has suffered a distinct and palpable injury." *Harris v. Itzhaki*, 183 F.3d 1043, 1051 (9th Cir. 1999). A prima facie case for disparate impact requires that the Plaintiff show "(1) the occurrence of certain outwardly neutral practices and (2) a significantly adverse or disproportionate impact on persons of a particular type produced by the defendant's facially neutral acts or practices." *Gamble v. City of Escondido*, 104 F.3d 300, 306 (9th Cir. 1997). The Plaintiff has not sufficiently pled either type of discrimination claim. The Plaintiff has alleged the injury required, but has not described any discrimination by the Defendant. The Plaintiff has also not established that his rights are protected under the FHA. The Plaintiff's pleading does not establish any particular policies at the Veteran's home where he lived, and does not discuss how the policies affected one group more than another. Therefore, the Plaintiff has not properly pled a claim for disparate treatment or disparate impact under the Fair Housing Act.

The Plaintiff also claims violations of his civil rights in employment. The Court interprets this as the same claim as the Plaintiff's allegation that he was wronged as a whistle blower. Nevada employment contracts are presumed to be at-will, and an employee may be fired at any time. *Dillard Dep't Stores, Inc. v. Beckwith*, 115 Nev. 372, 376 (1999). However, firing an employee for engaging in protected whistle blowing activities is actionable as a tortious discharge claim. *Wiltsie v. Baby Grand Corp.*, 105 Nev. 291, 293 (1989). In order to properly plead a claim for tortious discharge due to whistle blowing activity, the Plaintiff must show that he reported the illegal activity to the proper authorities. *Id*. The Plaintiff has not indicated in his pleading what

activity he was reporting, whose activity he was reporting, or to whom he reported the activity. The Plaintiff further has not described the activity or what employment he previously had that resulted in termination. The Plaintiff has not sufficiently pled a claim for tortious discharge.

The Plaintiff also claims a violation of the Americans with Disabilities Act. Discrimination based on disability requires the Plaintiff to show that "(1) he is disabled within the meaning of the ADA; (2) he is a qualified individual; and (3) he suffered an adverse employment action because of his disability." *Babiak v. Nevada, ex rel Dept. of Taxation*, 554 F.Supp.2d 1187, 1191 (D. Nev. 2008) *citing Nunes v. Wal-Mart Stores, Inc.*, 164 F.3d 1243, 1246 (9th Cir. 1999). The Plaintiff has not discussed any disability or how he has been discriminated against due to the disability. He has also not offered any information about his prior employment or how any disability affected that employment. Therefore, the Plaintiff has not sufficiently pled a claim under the ADA.

The Plaintiff also alleges that the Defendants have violated the False Claims Act. A private citizen can bring a civil action under the False Claims Act, codified in 31 U.S.C. § 3729, on behalf of the United States Government. 31 U.S.C. § 3730(b). The suit must be brought in the name of the United States Government. *Id*. In order to properly plead the claim, the Plaintiff must make a showing that the defendant knowingly committed a fraudulent act against the United States Government as described in 31 U.S.C. § 3729(a). The Plaintiff has indicated that people made false statements about him to the Government, but is not specific. Furthermore, the Plaintiff does not bring his claim on behalf of the United States Government; he instead brings his suit against the United States Government. Therefore, the Plaintiff does not properly plead a claim under the False Claims Act.

The Plaintiff finally claims that the Defendants have committed racketeering. Racketeering claims are brought under the civil section of the Racketeer Influenced and Corrupt Organizations Act (RICO), codified in 18 U.S.C. § 1961 - 1968. Civil remedies may be sought pursuant to 18 U.S.C. § 1964. However, a RICO claim cannot be brought against the United States absent a waiver of sovereign immunity. *United States v. Bonanno Organized Crime Family of La Cosa Nostra*, 879 F.2d 20, 23 (2d Cir. 1989). Because the Plaintiff has only named as a Defendant the United States of America, he cannot properly plead a RICO claim.

The Court cannot state with certainty, however, that the Plaintiff cannot properly plead any of his claims. Therefore, the Court will dismiss Plaintiff's Complaint (#1-1) with leave to amend, to allow Plaintiff the opportunity to properly plead his causes of action. If Plaintiff elects to proceed in this action by filing an amended complaint, he is informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 15–1 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed In Forma Pauperis is **granted**. Plaintiff shall not be required to pre-pay the full filing fee of four hundred dollars ($400.00).

**IT IS FURTHER ORDERED** that Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint is **dismissed** without prejudice with leave to amend. Plaintiff shall have until **July 1, 2015** to file an amended complaint correcting the noted deficiencies.

DATED this 1st day of June, 2015.

GEORGE FOLEY, JR.
United States Magistrate Judge